IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| KEVIN D. FINKEY, | ) | |
| | ) | CASE NO. BK07-81797-TLS |
| Debtor(s). | ) | A07-8082-TLS |
| TAMIE SCHUETT, | ) | |
| | ) | |
| Plaintiff, | ) | CH. 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| KEVIN D. FINKEY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the court on the plaintiff's motion for summary judgment (Fil. #17) and the debtor-defendant's objection thereto (Fil. #27). Bradley Easland represents the debtor, and Todd Mulliner represents the plaintiff. Evidence and briefs were filed, and the motion was taken under advisement as submitted without oral arguments.

The motion will be granted.

The parties were formerly married to each other. They separated on July 2, 2005, and a decree of dissolution was entered on December 7, 2005. In the provisions of the decree relevant to this lawsuit, Ms. Schuett was awarded $23,000 of Mr. Finkey's workplace retirement account, to be transferred to her pursuant to a Qualified Domestic Relations Order, and each party was directed to pay any and all debts incurred after the date of separation, holding the other party harmless for such debts.

Ms. Schuett filed this adversary proceeding to except from discharge, under 11 U.S.C. § 523(a)(15), the $23,000 owed from Mr. Finkey's retirement account and $11,754.40 in credit card charges incurred by Mr. Finkey post-separation on a jointly owned account. Mr. Finkey concedes that the obligation related to the retirement account is non-dischargeable. He also admits he incurred all of the credit card debt at issue, after the parties separated. However, he contests the notion that he has a non-dischargeable liability to Ms. Schuett for that debt.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker*

*Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004); *Williams v. Marlar (In re Marlar)*, 267 F.3d 749, 755 (8th Cir. 2001).

Section 523(a)(15) excepts from discharge debts, other than domestic support obligations, arising from marital dissolution or separation decrees. The § 523(a)(15) debts commonly stem from the division of marital property. The section provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –
>     . . . .
>     (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit[.]

To be excepted from discharge under § 523(a)(15), the debt must (1) be to the debtor's spouse, former spouse, or child; (2) not be of the type described in § 523(a)(5), which excepts domestic support obligations; and (3) have been incurred in the course of a divorce or separation or in connection with a separation agreement, divorce decree, or other court order. *In re Sears*, 2008 Bankr. LEXIS 40, at *6 (Bankr. N.D. Ohio Jan. 8, 2008).

The party challenging the dischargeability of a debt bears the burden of proving the necessary elements by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 287 (1991).

The parties agree on the following facts:

1. The parties married on August 17, 1984. They separated on July 2, 2005.

2. During the marriage, the parties held a joint credit card, account number ending in -0700, with Capital One Bank.

3. During the marriage, Mr. Finkey created and contributed to a retirement account with his employer.

4. The parties' marriage was dissolved by a decree entered by a judge of the District Court of Wayne County, Nebraska, on December 7, 2005.

5. The terms of the decree divided the marital assets and debts.

6. At the time the decree was entered, the balance of the Capital One account was $0.

7. At paragraph 6.C., the decree states:
   The Plaintiff shall receive twenty-three thousand dollars ($23,000) of the Defendant[']s retirement account through his

>           employer transferred to her according to a Qualified
>           Domestic Relations Order[.]

8. At paragraph 11, the decree states:
>           Each party shall pay any and all debts incurred after the date
>           of separation of July 2, 2005. The parties hereby agree they
>           shall hold the other party harmless for any debt which they
>           are responsible to pay.

9. Mr. Finkey kept and used the Capital One account after the parties' divorce. The account remains in both parties' names.

10. After July 2, 2005, Mr. Finkey made charges of $11,754.40 on the Capital One account. All of the post-separation charges to the account were incurred by Mr. Finkey.

11. Mr. Finkey filed a Chapter 7 bankruptcy petition on September 10, 2007.

12. He listed the Capital One debt as an unsecured non-priority claim on Schedule F.

13. Ms. Schuett filed this adversary proceeding on December 14, 2007.

14. Mr. Finkey received a discharge on January 1, 2008.

Mr. Finkey argues that Ms. Schuett has no standing to challenge the dischargeability of the credit card debt because it is not owed to her. He also argues that the debt was not in existence when the divorce decree was entered and was not mentioned or included in the decree, and therefore cannot be a debt "incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement [or] divorce decree." He takes the interesting legal position of arguing that because it is a joint account, awarded to neither party in the decree, Ms. Schuett is equally responsible for the debt and is not protected by the hold-harmless clause of the decree.

With regard to Mr. Finkey's argument concerning standing, while the language of § 523(a)(15) references debts to a spouse or former spouse, the legislative history of the section makes clear that the provision covers debts owed to third parties as well, because the obligation to hold the former spouse harmless is what is presumed to be non-dischargeable under this section. *Douglas v. Douglas (In re Douglas)*, 369 B.R. 462, 463 n.2 (Bankr. E.D. Ark. 2007) (citing 140 Cong. Rec. H10752, H10770 (daily ed. Oct. 4, 1994); H.R. Rep. No. 103-835, at 55 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, 3364); *Johnson v. Johnson (In re Johnson)*, 2007 Bankr. LEXIS 3645 (Bankr. N.D. Ohio Oct. 23, 2007).

With regard to his remaining arguments, the case law favors Ms. Schuett.

The factual situation in this case is unlike the one frequently addressed in § 523(a)(15) decisions, where a debtor has been ordered by the state court to pay certain marital debts while holding the former spouse harmless on those debts. Here, the debtor is correct that the Capital One

debt was not specifically addressed in the decree. That presumably is because it did not exist – or was not listed as a marital debt – at the time the decree was entered. Mr. Finkey admits he incurred all of the post-separation Capital One debt.

However, courts do not hesitate to except from discharge debts incurred by a debtor spouse – even after the divorce – which he or she then attempts to discharge to the detriment of the non-debtor spouse. A factual scenario similar to this case was addressed in *Schweitzer v. Schweitzer (In re Schweitzer)*, 370 B.R. 145 (Bankr. S.D. Ohio 2007). In that case, Vincent and Deborah Schweitzer separated in October 2004. Their separation agreement prohibited each party from incurring debts or obligations upon the credit of the other and included an indemnification and hold-harmless clause for any such debt. After the parties' divorce, Deborah continued to use a joint credit card. Vincent made some payments on that debt to protect his credit rating. When Deborah filed a Chapter 7 petition, Vincent requested a finding of non-dischargeability as to the credit card debt and certain other joint debts assigned to Deborah by court order.

The Ohio bankruptcy court ruled for Vincent, stating:

> Here, the Separation Agreement imposed on Deborah the obligation to indemnify Vincent and hold him harmless for any charges made by her on their joint credit card. This obligation falls squarely within the exception to discharge set forth in § 523(a)(15) – it is a debt incurred in connection with a separation agreement. *See Gibson v. Gibson (In re Gibson)*, 219 B.R. 195, 202-03 (B.A.P. 6th Cir. 1998) ("A debtor's obligation as part of a decree or separation agreement . . . to hold a spouse 'harmless' on a third-party obligation [is an example] of incurring a debt which satisfies the qualifying language of § 523(a)(15)[.]"); . . . *Stegall v. Stegall (In re Stegall)*, 188 B.R. 597, 598 (Bankr. W.D. Mo. 1995) ("If . . . the [property settlement] agreement had provided that debtor would indemnify and hold plaintiff harmless . . . a new obligation might have been incurred."). Because Deborah's obligation to hold Vincent harmless on the Chase credit card obligation arose directly from the stated terms of the Separation Agreement, it is a debt incurred in connection with a separation agreement and is excepted from discharge by § 523(a)(15).
>
> The fact that the credit card charges were incurred after the parties' divorce became final does not alter the Court's conclusion. Several bankruptcy courts have addressed the situation in which a debtor incurred post-divorce credit card debt to the detriment of a non-filing former spouse. In *Melton v. Melton (In re Melton)*, 228 B.R. 641 (Bankr. N.D. Ohio 1998), a case decided under the pre-BAPCPA, "balancing test" version of § 523(a)(15), the divorce decree provided that "[t]he parties hereto agree to pay all debts incurred by him or her subsequent to the date of their separation, and to save the other party harmless from any liability thereon." *Id.* at 643. After the divorce was finalized, the debtor reactivated a joint credit card account and made charges on the card. The *Melton* court found that the debt was "undisputably incurred in connection with the parties' divorce decree," *id.* at 645, and held that the debtor's obligation to repay his former wife for the debts incurred was nondischargeable. *Id.* at 647. *See also Schmitt v. Eubanks (In re Schmitt)*, 197 B.R. 312, 316-17 (Bankr. W.D. Ark. 1996) (holding that a debtor's obligation to

indemnify her former husband for credit card debts she incurred post-divorce was nondischargeable under § 523(a)(15), despite the absence of "hold harmless" language, because the divorce decree had provided that each party would be responsible for any debts incurred by that party after their divorce); *Baker v. Baker (In re Baker)*, 274 B.R. 176 (Bankr. D.S.C. 2000) (same).

As in *Melton*, *Schmitt* and *Baker*, the Separation Agreement in this case contains a provision governing debts incurred post-divorce:

> Neither Husband nor Wife may hereafter incur any debts or obligations upon the credit of the other and each shall indemnify, defend and save the other absolutely harmless from any debt or obligation so charged or otherwise incurred.

Separation Agreement [at] 15. The Separation Agreement expressly prohibits either spouse from using the other's credit. It also provides for indemnification if such debts are incurred in violation of this provision. The situation that gives rise to this adversary proceeding – in which Deborah has incurred debt for which Vincent may be held jointly liable – is precisely the type of scenario that the hold harmless provision was intended to address. The fact that the underlying debts were incurred months after the divorce thus has no bearing on whether Deborah's obligation to hold Vincent harmless on those debts is dischargeable.

370 B.R. at 152-53.

For those very reasons, the obligation imposed by the state court decree on Mr. Finkey to hold Ms. Schuett harmless for any post-separation debt he incurred clearly falls within the ambit of § 523(a)(15). That obligation is not discharged.

IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. #17) is granted. The debtor-defendant's obligation to pay $23,000 from his retirement account funds to the plaintiff is not discharged. The debtor-defendant's obligation to hold the plaintiff harmless on the $11,754.40 debt owed to Capital One Bank is not discharged. Separate judgment will be entered.

DATED:   May 21, 2008

BY THE COURT:

 /s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
   Bradley Easland      *Todd Mulliner
   U.S. Trustee

*Movant is responsible for giving notice to other parties if required by rule or statute.